IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| DANITA DYER <br> 16401 Stratford Estate Drive <br> Upper Malboro, MD 20772 <br> Prince George's County <br><br> Plaintiff, <br><br> vs. <br><br> TRANSWORLD SYSTEMS, INC. <br> 2235 Mercury Way, Suite 275, <br> Santa Rosa CA 95407 | CIVIL NO. 1:18-cv-260 |

**Serve on:**
THE CORPORATION TRUST,
INCORPORATED
2405 York Road
Suite 201
Lutherville Timonium MD 21093-2264

Defendant.

**COMPLAINT**

Plaintiff, by and through her undersigned attorney, and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this action pursuant to the "Fair Debt Collection Practices Act" 15 U.S.C. §1692, et. seq., (hereinafter the FDCPA), under 15 U.S.C. §1692 et seq, "Maryland Consumer Debt Collection Act" Md. Code Ann., Commercial Law §14-201 to §14-204 (hereinafter the "MCDCA"), the "Maryland Consumer Protection Act" (hereinafter "MCPA") Md. Code Ann., Commercial Law §13-401 to §13-411 and the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 et seq., the Maryland Telephone Consumer Protection Act ("MTCPA"), Md. Code Ann., Com. Law §14-3201 et seq. to recover actual and statutory

1

damages, reasonable attorney's fees and costs of suit due to Defendant's unlawful conduct.

## JURISDICTION & VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §1331 and §1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Maryland, and a substantial portion the events or omissions giving rise to the claims occurred within Maryland.

## PARTIES

4. Plaintiff is a natural person residing at 16401 Stratford Estates Drive, Upper Marlboro, Maryland.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant Transworld Systems, Inc. ("Transworld") headquarters is located at 2235 Mercury Way, Suite 275, Santa Rosa CA 95407, is registered to do business in Maryland. Its registered agent is The Corporation Trust, Incorporated, 2405 York Road, Suite 201, Lutherville Timonium MD 21093-2264.

7. Defendant regularly collects and attempts to collect consumer debt in Maryland.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39).

## FACTUAL ALLEGATIONS

9. The instant action arises out of Defendant's attempts to collect on an alleged consumer debt ("debt") said to be owed by Plaintiff.

10. The Debt arose from services provided by the Creditor which were primarily for

family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. §1692a(5).

11. The debt was purchased, assigned or transferred to Transworld for collection, or Transworld was employed by the creditor to collect the Debt.

12. Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

13. In 2017, Plaintiff began receiving collection calls to her cellular phone, (202) XXX-0654 from Defendant.

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 0654. Plaintiff is and always has been financially responsible for the cellular phone and its services.

15. Plaintiff never provided her cellular phone number to the Defendant.

16. Plaintiff never gave the Defendant permission to call her cellular phone number.

17. Defendant has used a variety of phone numbers and area codes when calling Plaintiff's cellular phone, including but not limited to: 410-237-6446, 410-237-6496, and 410-237-6393.

18. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activities.

19. When Plaintiff answers calls from Defendant on her cellular phone, Plaintiff experiences a significant pause, lasting approximately three to five seconds in length, before Defendant's representative comes on the line.

20. When Plaintiff received the first call on her cellular phone, Plaintiff told Defendant's representatives to stop contacting her.

21. Despite Plaintiff's demands, Defendant has continued to persistently call Plaintiff's cellular phone up until the date of the filing of this action.

22. Plaintiff has received not less than 50 phone calls to her cellular phone since asking Defendant to stop.

23. Plaintiff never received a letter from Defendant referencing the subject debt.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

26. Plaintiff incorporates the foregoing paragraphs as if fully set forth.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

30. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692c(a)(1) and §1692d

31. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Section 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant repeatedly called Plaintiff after she demanded that it stop. This behavior of systematically calling Plaintiff's phone despite being told to stop calling was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

33. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to her.

### b. Violations of FDCPA §1692e

34. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. In addition, this section enumerates specific violations, such as: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

36. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Despite being told to cease contacting her, Defendant continued to relentlessly call Plaintiff via automated messages. Instead of stopping this behavior,

5

Defendant kept calling Plaintiff using different phone numbers in a deceptive attempt to force her to answer its calls. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

### c. Violations of FDCPA §1692f

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. Despite Plaintiff's efforts, Defendant continued its unfair conduct of placing calls to her and her husband's cellular phone. These means employed by Defendant only served to worry and confuse Plaintiff.

### d. Violations of FDCPA §1692g

39. The FDCPA, pursuant to §1692g states that "within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall…send the consumer a written notice." This notice must include various pieces of information listed in §§1692g(a)(1)-(5).

40. Defendant violated §1692g by failing to send Plaintiff notice of the debt. Defendant never mailed her a dunning letter. By neglecting to do so, Defendant did not apprise Plaintiff as to the nature of the debt, or of the fact that she has a right to dispute the debt.

41. As previously pled, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

6

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

42. Plaintiff incorporates the foregoing paragraphs as if fully set forth.

43. The TCPA, pursuant to 47 U.S.C. §227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. §227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

44. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting approximately four to five seconds in length, which Plaintiff experiences upon answering Defendant's phone calls, is instructive that an ATDS is being utilized to generate the phone calls. Similarly, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

45. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent.

46. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

47. Under the TCPA, pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT III – VIOLATIONS OF THE MARYLAND CONSUMER PROTECTION ACT**

48. Plaintiff incorporates the foregoing paragraphs as if fully set forth.

49. The MCPA states: "A person may not engage in any unfair or deceptive trade practice, as defined in this subtitle or as further defined by the Division, in…..(4) The collection of consumer debts." Md. Code Ann., Commercial Law §13-303.

50. Defendant violates §13-303 by engaging in an unfair and deceptive act or practice in

contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when she notified it that she did not wish to be contacted. Defendant ignored Plaintiff's request and continued to systematically place calls to her cellular phone without her consent. Following its characteristic behavior in placing multiple calls to consumers, Defendant engaged in an unfair and deceptive act, willfully done with the hope that Plaintiff would be compelled to make payment.

51. Even after demanding that it cease contacting her, Defendant continued to place calls to Plaintiff's cellular phone using various phone numbers in a deceptive attempt to trick her into answering its calls and ultimately making a payment.

52. The MCPA was designed to protect consumers such as Plaintiff, from the exact behavior committed by Defendants.

53. The MCPA Md. Code Ann., Commercial Law §13-408 further states:

> (a) Actions authorized.- In addition to any action by the Division or Attorney General authorized by this title and any other action otherwise authorized by law, any person may bring an action to recover for injury or loss sustained by him as the result of a practice prohibited by this title.
>
> (b) Attorney's fees.- Any person who brings an action to recover for injury or loss under this section and who is awarded damages may also seek, and the court may award, reasonable attorney's fees.

54. As previously pled, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to the MCPA.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying violations;

    c. Awarding Plaintiff costs and reasonable attorney fees;

    d. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT IV – VIOLATIONS OF THE MARYLAND DEBT COLLECTION ACT**

55. Plaintiff incorporates the foregoing paragraphs as if fully set forth.

56. The MCDA states that a debt collector may not: "Communicate with the debtor or a person related to him with the frequency, at the unusual hours, or in any other manner as reasonably can be expected to abuse or harass the debtor;" Md. Code Ann., Commercial Law § 14-202(6).

57. The fact that the Defendant contacted the Plaintiff on her cell phone, in disregard of the TCPA, and after she told the Defendant to stop contact is a violation of the MCDA.

58. The MCDA also states that "A collector who violates any provision of this subtitle is liable for any damages proximately caused by the violation, including damages for emotional distress or mental anguish suffered with or without accompanying physical injury. "§14-203.

59. As previously pled, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices including emotional distress and mental anguish.

60. As such, Plaintiff is entitled to relief pursuant to the MCPA.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages, including damages for emotional distress and mental anguish.

   c. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT V – VIOLATION OF THE MARYLAND TELEPHONE CONSUMER PROTECTION ACT MD. CODE ANN., COM. LAW §14-3201 et seq.

61. Plaintiff incorporates the foregoing paragraphs as if fully set forth.

62. Defendant's acts, described in this Complaint, constitute numerous and multiple violations of the TCPA as implemented by the Federal Communications Commission in the Restrictions on Telemarketing and Telephone Solicitations Rule (47 C.F.R. Part 64, Subpart L).

61.

63. As a result of Defendant's violations of the TCPA, Defendant violated the MDTCPA, Md. Code Ann., Com. Law § 14-3201(2).

64. Plaintiff is entitled to $500.00 in statutory damages for each and every call in violation of the of the MDTCPA, pursuant to Md. Code Ann., Com. Law § 14-3202(b)(2)(i).

65. Plaintiff is also entitled to an award of attorney's fees, pursuant to pursuant to Md. Code Ann., Com. Law § 14-3202(b)(1), and costs.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

   a. Statutory damages of $500.00 for each and every call that violated the MDTCPA, pursuant to Md. Code Ann., Com. Law § 14-3202(b)(2)(i);

   b. An award of attorney's fees and costs to counsel for Plaintiff; and

   c. Such other and further relief as the nature of this case may require.

**THE PLAINTIFF DEMANDS A JURY ON ALL COUNTS.**

Dated: January 26, 2018                    <u>DANITA DYER,</u>
                                           By Counsel


   <u>/s/ Stephen G. Skinner</u>
Stephen G. Skinner
BAR ID: 20220
SKINNER LAW FIRM
PO BOX 487
Charles Town, WV 25414
304-725-7029
sskinner@skinnerfirm.com